IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATE OF AMERICA, | ) |
| | ) |
| vs. | ) Criminal No. 10-233 |
| | ) |
| CEDRIC MACK, | ) |
| | ) |
| Defendant. | ) |

AMBROSE, Senior District Judge

### **MEMORANDUM ORDER**

Pending is Criminal Justice Act (CJA) appointed counsel's Petition for Attorney's Fees. The CJA provides compensation for appointed counsel at the conclusion of counsel's representation for in court time and time "reasonably expended" out of court. 18 U.S.C.A. §3006A(d)(1). Authority and discretion to determine appropriate compensation lies with the District Judge. 18 U.S.C.A. §3006A(d)(5).

Congress has, however, limited compensation for appointed counsel in CJA felony cases to $9,700.00. 18 U.S.C.A. §3006(A(d)(2). Appointed counsel in this case has submitted a claim for fees and expenses in the amount of $15,293.75, far in excess of the amount authorized by Congress. Of that amount $800.00 was for in court time, $14,775.00 was for work done outside of court and $318.75 was for travel expenses.

Payment exceeding the $9,700.00 maximum may only be made for "extended or complex representation." 18 U.S.C.A. §3006A(d)(3). Extended representation is representation involving more time than required in the usual case.

Counsel represented Defendant from December 14, 2010 until Defendant's sentencing hearing on January 18, 2012. Although the representation exceeded 1 year in length, much of that time is attributable to counsel's four motions for extensions of time to file pretrial motions as well as those of his co-defendants.

This was not a complex case. The indictment charged Defendant with 1 count of conspiracy to possess with intent to distribute and distribute cocaine and cocaine base between February 2010 and October 7, 2010.

The government's allegations were straight forward. Pretrial motions filed by Defendant were customary and routine: a motion for bill of particulars; a motion to compel; a motion for disclosure of *Brady* materials; and a motion to adopt pretrial motions of co-defendants.

No hearing on these motions was ever held. The legal and factual issues surrounding all the motions were not unusual or complex.

Defendant entered a guilty plea.

There were no issues with respect to the presentence report. Defendant had no objections or modifications to the report. Defendant did file a brief sentencing memorandum requesting a sentence of sixty months, the mandatory minimum. Defendant was sentenced to the bottom of the advisory guideline range and has not appealed any issue in the court of appeals.

This case was a typical drug trafficking conspiracy case. Although I realize that counsel spent many hours in his representation that is not the controlling factor in my determination of whether Congress's mandate of $9,700.00 should be exceeded. Instead, the focus is on the nature of the case and the complexity of the facts and law. As I have indicated, I find the case to be typical and not complex.

I would also note that on the same day that I received counsel's request, I received petitions for four other defendants in this case. All of those defendants pleaded guilty. Comparable work was done by all counsel. In none of those other petitions did counsel exceed the $9,700.00 maximum and, in fact, the requests in three of those petitions were thousands of dollars less than the instant request.

Counsel has indicated that he does not challenge the court's decision.

In no way do I dispute counsel's representation of hours expended. I conclude that counsel adequately and professionally represented Defendant and performed a valuable service to the court and the public. Nevertheless, I am constrained to follow the maximum fee limit mandated by Congress in this case as I find that the case was neither unusually complex not extended.

Therefore, I will award counsel $9,700.00 for fees and expenses.

BY THE COURT:

s/ Donetta W. Ambrose
Donetta W. Ambrose
United States Senior District Judge

Dated: March 20, 2012