## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES | ) |
| | ) CR No. 10-233 |
| v. | ) CV No. 12-1692 |
| | ) |
| CEDRIC MACK | ) |

## OPINION AND ORDER

### SYNOPSIS

In this action, Defendant pleaded guilty to one count of conspiracy to possess with intent to distribute controlled substances.  In January, 2012, he was sentenced to a term of imprisonment of seventy months, followed by a period of supervised release.  Presently before the Court is Defendant's Motion pursuant to 28 U.S.C. §2255, based on actual innocence.   The Government contends that Defendant waived his right to file the present Motion.  For the following reasons, the Motion will be denied.

### OPINION

### I. APPLICABLE STANDARDS

Relief is available under Section 2255 only under exceptional circumstances, when the claimed errors of law are "a fundamental defect which inherently results in a complete miscarriage of justice," or "an omission inconsistent with the rudimentary demands of fair procedure." Hill v. United States, 368 U.S. 424, 428, 82 S. Ct. 468, 7 L. Ed. 2d 417 (1962).  A district court need not hold an evidentiary hearing on a Section 2255 motion if the motion, files, and records show conclusively that the defendant is not entitled to relief. United States v.Ritter, 93 Fed. Appx. 402 (3d Cir. 2004).   Under these standards, a hearing is unnecessary in this case, and the Motion will be disposed of on the record.

Moreover, a <u>pro se</u> pleading is held to less stringent standards than pleadings drafted by attorneys. <u>Estelle v. Gamble</u>, 429 U.S. 97, 106, 97, 97 S. Ct. 285, 50 L. Ed. 2d 251 s. ct. 285, 429 U.S. 97, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976); <u>Haines v. Kerner</u>, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). Thus, a <u>pro se</u> habeas petition should be construed liberally. <u>See</u> <u>Royce v. Hahn</u>, 151 F.3d 116, 118 (3d Cir. 1998). I have considered Defendant's Motion according to these standards.

## II. WAIVER

Generally, waivers of the right to appeal and to collateral attack are valid if entered into knowingly and voluntarily, and will divest the district court of jurisdiction over a collateral attack. <u>United States v. Khattak</u>, 273 F.3d 557, 558 (3d Cir. 2001); <u>United States v. Goodson</u>, 544 F.3d 529, 536 (3d Cir. 2008); <u>United States v. Whitaker</u>, No. 02-90-03, 2005 U.S. Dist. LEXIS 23884, at **5-6 (E.D. Pa. Oct. 18, 2005). Claims challenging the voluntariness of the waiver, or the effectiveness of counsel with respect to the waiver itself, however, may survive. <u>Whitaker</u>, 2005 U.S. Dist. LEXIS 23884 at **5-6. Similarly, courts will consider an ineffectiveness claim that relates directly to the negotiation of the waiver itself. <u>United States v. Fagan</u>, No. 04-2176, 2004 U.S. Dist. LEXIS 22456, at **9-11 (E.D. Pa. Oct. 4, 2004). Moreover, as the Supreme Court has stated, "the representations of the defendant, his lawyer, and the prosecutor at [a plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity." <u>Blackledge v. Allison</u>, 431 U.S. 63, 73-74, 97 S. Ct. 1621, 52 L. Ed. 2d 136 (1977).

Presently, Defendant's Motion rests solely on his claim of actual innocence; he does not make any substantive claim that relates to the negotiation of the waiver at issue, or the

effectiveness of counsel with respect to the waiver. He argues only that it "might be the case" that his waiver was not intelligent and understanding; he asserts not a single fact to support or solidify this argument.

In this case, Defendant's plea letter, which was read into the record at the time of his plea colloquy, contained the following language: "Mr. Mack…waives the right to file a motion to vacate sentence attacking his conviction or sentence and the right to file any other collateral proceeding attacking his conviction and sentence." Also at the plea colloquy, the Court asked Defendant whether he understood that he was giving up his "right to file a motion to vacate [his] sentence under federal law and the right to file any other collateral proceeding attacking [his] conviction or sentence." When asked if he understood this, Defendant replied, "Yes, ma'am." At no time did Defendant indicate in any way that he misunderstood or was misadvised about the waiver, or any part of the plea agreement, or was in any way coerced into the plea. Defendant stated that he had reviewed the plea letter with counsel, read it, accepted it, and acknowledged that it set forth his agreement with the Government.

Also at the plea colloquy, counsel for the Government summarized the evidence against Defendant, including his possession of a dangerous weapon seized on the date of his arrest. The Court asked Defendant if he heard the summary, and he replied in the affirmative. The Court then asked whether the summary "accurately describe[d] what [Defendant] did?" Defendant replied, "Yes, ma'am." Moreover, the Government stated that the parties agreed to an increase in the offense level because a dangerous weapon was possessed. Defendant confirmed that he had heard and understood the statement, and agreed that it correctly described the terms of the agreement. At sentencing, Defendant again stated his guilt. Defendant now submits an affidavit from his wife, who states that she, and not Defendant, owned and possessed the ammunition that

led to an increased offense level. There is absolutely no suggestion that Defendant or his counsel was unable to secure his wife's testimony, or was unaware of the substance of that testimony, by or at the time of his guilty plea. Defendant does not argue that counsel – who did, in fact, argue at sentencing that the involvement of ammunition, as opposed to a weapon, was an extenuating circumstance justifying variance – was ineffective in that regard.[1] There are no grounds for finding the waiver unknowing or involuntary.

I must, however, also look to whether enforcing the waiver would work a miscarriage of justice. In so doing, I am to consider "[t]he clarity of the error, its gravity, its character (e.g., whether it concerns a fact issue, a sentencing guideline, or a statutory maximum), the impact of the error on the defendant, the impact of correcting the error on the government, and the extent to which the defendant acquiesced in the result." United States v. Mabry, 536 F. 3d 231, 242 (3d Cir. 2008) (quoting United States v. Teeter, 257 F. 3d 14, 25-26 (1st Cir. 2001)). Considering these factors, and all of the attendant circumstances, I find that enforcing the waiver does not work a miscarriage of justice. For example, the alleged error lacks clarity, Defendant acquiesced entirely in the result, it does not relate to the validity of the underlying conviction for the crime charged, and the impact on the Government of invalidating the plea would be significant. Defendant's waiver of his collateral attack rights must be enforced.

## III. CERTIFICATE OF APPEALABILITY

Under 28 U.S.C.§ 2253(c)(2), a "certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right." For the reasons stated above, Defendant has not made such a showing. Therefore, a certificate of appealability will not issue.

---

[1] As counsel for the Government noted at sentencing, co-defendants testified that firearms were present at Defendant's residence. Moreover, in open court and under oath, Defendant acknowledged the Government counsel's statement that he had possessed a firearm.

**CONCLUSION**

In sum, Defendant has waived his right to collateral attack and appeal, and his Motions must be denied. He is not entitled to habeas relief, and no certificate of appealability shall issue. An appropriate Order follows.

**ORDER**

AND NOW, this 8th day of February, 2013, it is hereby ORDERED, ADJUDGED, and DECREED that Defendant's Motion to Vacate [806] is DENIED. No certificate of appealability shall issue.

BY THE COURT:


/s/Donetta W. Ambrose

Donetta W. Ambrose, Senior Judge

U.S. District Court